IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHUNG MOORE,<br><br>        Plaintiff,<br><br>v.<br><br>WILLIAM QUALLS, *et al.*,<br><br>        Defendants. | Case No. 21-cv-01454-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

On August 6, 2024, the Court denied Defendant's motion for summary judgment on the exhaustion of administrative remedies because it concluded that there were genuine disputes of material fact as to the exhaustion of administrative remedies. (Doc. 43). Specifically, the Court found that there was a genuine dispute about whether Plaintiff timely and properly filed Grievance #339-2-19 and whether the grievance went unanswered rendering the grievance process unavailable to him. Defendant Qualls was given an option to either request a hearing on these issues or to withdraw their affirmative defense concerning the exhaustion of administrative remedies. Defendant filed a Notice wherein he requested a hearing. (Doc. 44).

Accordingly, this matter will now be set for a hearing pursuant to *Pavey v. Conley,* 544 F. 3d 739 (7th Cir. 2008). In preparation for the hearing, the parties must do the following:

1. Defendant must submit <u>within 14 days of this Order</u>:

    a. A final witness lists (with the name, job title, and brief summary of evidence and testimony from the witness);

    b. A final exhibit list;

    c. A statement of undisputed facts; and

    d.  A hearing brief (of no more than two pages summarizing the dispute facts and arguments).

2. Plaintiff must submit <u>within 21 days of this Order</u>:

    a.  A final witness list (with the name, job title (if any), and brief summary of testimony from the witness);

    b.  A final exhibit list;

    c.  A statement of undisputed facts; and

    d.  A hearing brief (of no more than two pages summarizing the disputed facts and his arguments).

3. Both parties <u>at least one week</u> before the hearing:

    a.  Must submit any objections that they have to any of the above materials in short written format.

A separate order will issue setting the date for the hearing. If at any time prior to the hearing, Defendant would prefer to withdraw the affirmative defense on exhaustion of administrative remedies, he may do so by filing a motion to withdraw.

**IT IS SO ORDERED.**

**DATED:** September 3, 2024

                                                                  _s/Stephen P. McGlynn_
                                                                  **STEPHEN P. MCGLYNN**
                                                                  **United States District Judge**